## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

United States of America,

             Plaintiff,                    Civil No. 20-cv-12545

vs.                               Hon. Mark A. Goldsmith

One Hundred Six Thousand Two
Hundred Sixty Dollars ($106,260.00)
in U.S. Currency from Comerica
Bank Safe Deposit Box #0000046-2;
Ninety Thousand Two Hundred Thirty
Dollars ($90,230.00) in U.S. Currency
from Comerica Bank Safe Deposit Box
#00B0945-5; One Thousand Five
Hundred Seventy-Five Dollars ($1,575.00)
in U.S. Currency;  Twenty-Two Thousand
Two Hundred Seventy-Seven Dollars
and Ninety-Seven Cents ($22,277.97) in
U.S. Currency from JP Morgan Chase
Bank Acct. #XXXXX0315; One Hundred
 Six Thousand Six Hundred Twenty-Three
Dollars and Thirty-Nine Cents
($106,623.39) in U.S. Currency from
Comerica Bank Checking Acct.
 #XXXXXX3895; Thirty-One Thousand
One Hundred Ninety-Five Dollars and Ten
Cents ($31,195.10) in U.S. Currency from
JP Morgan Chase Bank, Checking Acct.
#XXXXX7813; Ninety-Six Thousand Four
Hundred Fifty-Two Dollars and Forty-Six
Cents ($96,452.46) in U.S. Currency from
Comerica Bank, Checking Acct.
 #XXXXXX5135; Twenty-Four Thousand

Three Hundred Three Dollars and Twenty-Six
Cents ($24,303.26) in U.S. Currency from
Comerica Bank, Checking Acct. #XXXXX0751;
and All Funds on Deposit in Fidelity
Investments, Fidelity Self-Employed 401(k),
Acct. #487-886980, in the name of Soliman
Medical Center PLLC and Mikhayl S. Soliman.

Defendants *in Rem*.

## Motion for Entry of Default Judgment Against All Interested Parties and Final Order of Forfeiture of the Defendants *in rem*

The United States of America, by and through its undersigned
attorneys, hereby moves for entry of default judgment against Mikhail
Samy Soliman, Amany Soliman, Soliman Family Trust, and all other
interested parties, and final order of forfeiture of the Defendants *in rem*
pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and
Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims
and Asset Forfeiture Actions.

Default Judgment and Final Order of Forfeiture are proper
because no one has filed a Claim for the Defendants *in rem*, or an
Answer or other responsive motion to the Complaint, or otherwise
defended against the above-entitled action within the time required by
the Supplemental Rules. For these reasons, the United States requests

entry of Default Judgment in favor of the United States and Final

Order of Forfeiture of the Defendants *in rem.* A brief in support

accompanies this Motion. A Declaration of Majority, Non-Incompetence,

and Non-Military Status is also being filed in support of this Motion.

Respectfully submitted,

MATTHEW SCHNEIDER
United States Attorney

s/GJON JUNCAJ
GJON JUNCAJ
U.S. Attorneys Office
211 W. Fort Street, Ste. 2001
Detroit, MI 48226
(313) 226-0209
Email: gjon.juncaj@usdoj.gov
(P63256)

Dated: December 18, 2020

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

                Plaintiff,                  Civil No. 20-cv-12545

vs.

                                        Hon. Mark A. Goldsmith

One Hundred Six Thousand Two
Hundred Sixty Dollars ($106,260.00)
in U.S. Currency from Comerica
Bank Safe Deposit Box #0000046-2;
Ninety Thousand Two Hundred Thirty
Dollars ($90,230.00) in U.S. Currency
from Comerica Bank Safe Deposit Box
#00B0945-5; One Thousand Five
Hundred Seventy-Five Dollars ($1,575.00)
in U.S. Currency;  Twenty-Two Thousand
Two Hundred Seventy-Seven Dollars
and Ninety-Seven Cents ($22,277.97) in
U.S. Currency from JP Morgan Chase
Bank Acct. #XXXXX0315; One Hundred
 Six Thousand Six Hundred Twenty-Three
Dollars and Thirty-Nine Cents
($106,623.39) in U.S. Currency from
Comerica Bank Checking Acct.
 #XXXXXX3895; Thirty-One Thousand
One Hundred Ninety-Five Dollars and Ten
Cents ($31,195.10) in U.S. Currency from
JP Morgan Chase Bank, Checking Acct.
#XXXXX7813; Ninety-Six Thousand Four
Hundred Fifty-Two Dollars and Forty-Six
Cents ($96,452.46) in U.S. Currency from
Comerica Bank, Checking Acct.

#XXXXXX5135; Twenty-Four Thousand
Three Hundred Three Dollars and Twenty-Six
Cents ($24,303.26) in U.S. Currency from
Comerica Bank, Checking Acct. #XXXXX0751;
and All Funds on Deposit in Fidelity
Investments, Fidelity Self-Employed 401(k),
Acct. #487-886980, in the name of Soliman
Medical Center PLLC and Mikhayl S. Soliman.

Defendants *in Rem*.

---

### Brief in Support of United States' Motion for Entry of Default Judgment Against All Interested Parties and Final Order of Forfeiture of the Defendants *in rem*

---

### Issue Presented

Whether the United States is entitled to a Default
Judgment against all interested parties and Final
Order of Forfeiture of the Defendants *in rem*?

Response:  Yes.

i

## Pertinent Authorities

### Federal Cases

*United States v. Currency $267,961.07, et al*, 916 F.2d 1104 (6th Cir. 1990)

*United States v. One 2001 Cadillac Deville Sedan*, 335 F. Supp. 2d 769 (E.D. Mich. 2004)

*United States v. Vehicle 2007 Mack 600 Dump Truck*, 680 F. Supp. 2d 816 (E.D. Mich. 2010)

### United States Code

18 U.S.C. § 2252A(a)(2)

18 U.S.C. § 2252A(a)(5)(B)

18 U.S.C. § 2254

### Federal Rules of Civil Procedure

Rule 55

### Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions

Rule G

## Factual and Procedural Background

On September 14, 2012 the United States seized the Defendant Property pursuant to search warrants executed at Comerica Bank, JP Morgan Chase Bank, and Fidelity Investments, and Soliman's medical office at XX52 South Wayne Road, Wayne, Michigan.

On September 24, 2015, following a jury trial in the companion criminal case: *United States v. D-1 Mikhayl Soliman*, M.D., Case No. 12-cr-20599, Honorable George Caram Steeh, Defendant Mikhayl Soliman was convicted of five counts of health care fraud, and five counts of distribution of controlled substances, in violation of 18 U.S.C. § 1347, and 21 U.S.C. § 841(a)(1). (ECF No. 58, PageID.245-248.) The defendant failed to appear for his sentencing on October 5, 2015, and the court issued a bench warrant. On January 13, 2016, the trial court made a text entry on the criminal docket stating that the sentencing date was cancelled, noting that a bench warrant had been issued on October 5, 2015, and that "defendant is a fugitive." Excerpt of trial docket attached as Exhibit A.

On July 17, 2020, the United States and potential claimants Amany Soliman and Soliman Family Trust, by and through counsel,

2

Peter Bec, entered into a memorandum of agreement relating to the Defendant Property. In the agreement, Amany Soliman and Soliman Family Trust waived notice and service of the Civil Forfeiture Complaint the government was preparing to file. Despite their waivers, undersigned counsel for the government provided notice and emailed a copy of the filed complaint to counsel for Amany Soliman and Soliman Family Trust on September 23, 2020.

On September 16, 2020, Plaintiff filed its verified Complaint for Forfeiture of the Defendant Property pursuant to Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. (ECF No. 1, PageID.1). On February 18, 2020, Warrants of Arrest and Notice *in Rem* were issued against the Defendant Property. (ECF Nos. 2-10, PageID.40-61.) On September 30, 2020, Plaintiff served copies of the Complaint for Forfeiture and Warrants of Arrest and Notice *in Rem* by first class and certified mail on potential claimant Mikhayl Samy Soliman at his last-known address at 12173 Chandler Drive, Plymouth, Michigan 48170. A Certificate of Service was filed with the Court on October 2, 2020. (ECF No. 11, PageID.63.) Pursuant to Rule G(4) of the Supplemental Rules for

Certain Admiralty or Maritime Claims and Asset Forfeiture Actions,

Plaintiff published Notice of Civil Forfeiture on an official government

internet site for at least 30 consecutive days beginning September 17,

2020. As required by Rule G(4), the Notice directed that any person

claiming an interest in the Defendant Property file a verified claim with

the court within 60 days of the first date of publication, and file an

answer to the Complaint or Rule 12 motion within 21 days of filing a

verified claim. Plaintiff filed a Declaration of Publication with the court

on November 20, 2020. (ECF No. 12, PageID.64.)

Based on the direct notice and the notice by publication, the time

to file a claim for the Defendants *in rem* has expired. As of the date of

this Motion, none of the potential claimants, nor any other person or

entity, has filed a claim for the Defendants *in rem*. Further, no one has

filed an Answer or other responsive motion to the Complaint. Upon

information and belief, none of the potential claimants is a minor, on

active duty with the United States Military, or an incompetent person.

The government requested a Clerk's Entry of Default on

December 4, 2020. ((ECF No. 14, PageID.72-74). A Clerk's Entry of

Default was entered for each of the Defendant *in rem* on December 8,

2020. (ECF Nos. 16-24, PageID.82-90).

### Argument

The Civil Asset Forfeiture Reform Act of 2000 ("CAFRA") and the

Supplemental Rules govern procedure in civil forfeiture actions *in rem*

commenced by the United States. 18 U.S.C. § 983; Fed. R. Civ. P. Supp.

Rule G(1). To the extent the Supplemental Rules do not address an

issue, Rule G(1) states that, "the Federal Rules of Civil Procedure also

apply" to civil forfeiture actions *in rem.*

A claimant wishing to contest a forfeiture action brought by the

United States must have both Article III standing and statutory

standing. *United States v. One 2001 Cadillac Deville Sedan*, 335 F.

Supp. 2d 769, 772 (E.D. Mich. 2004) *citing United States v. $515,060.42*

*in U.S. Currency*, 152 F.3d 491, 497 (6th Cir. 1998).

To have statutory standing, a claimant must strictly comply with

the Supplemental Rules. *United States v. Vehicle 2007 Mack 600 Dump*

*Truck*, 680 F. Supp. 2d 816, 822 (E.D. Mich. 2010) (holding that

"[s]tatutory standing is established through strict compliance with

Supplemental Rules G(5) and G(6)"). A claimant must also demonstrate

Article III standing as evidenced by "a legally cognizable interest in the

5

defendant property." *One 2001 Cadillac Deville Sedan*, 335 F. Supp. 2d at 772 *quoting United States v. Currency $267,961.07*, 916 F.2d 1104, 1107 (6th Cir.1990). "[F]ailure to satisfy both the Article III and statutory standing requirements precludes a claimant from contesting a government forfeiture action." *One 2001 Cadillac Deville Sedan*, 335 F. Supp. 2d at 772 *citing Currency $267,961.07*, 916 F.2d at 1108.

Rule G(5) of the Supplemental Rules mandates that any person wishing to assert an interest in properties which are being sued as a Defendants *in rem* in a federal civil forfeiture action, must file a timely claim and answer:

> (i) A person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending. The claim must: (A) identify the specific property claimed; (B) identify the claimant and state the claimant's interest in the property; (C) be signed by the claimant under penalty of perjury; and (D) be served on the government attorney designated under Rule G(4)(a)(ii)(C) or (b)(ii)(D).
>
> (ii) Unless the court for good cause sets a different time, the claim must be filed: (A) by the time stated in a direct notice sent under Rule G(4)(b); (B) if notice was published but direct notice was not sent to the claimant or the claimant's attorney, no later than 30 days after final publication of newspaper notice or legal notice under Rule (G)(4)(a) or no later than 60 days after the first day of publication on an official internet government forfeiture site...

Fed. R. Civ. P. Supp. Rule G(5)(a).

Furthermore, Rule G(5)(b) provides, in part, that "[a] claimant must serve and file an answer to the complaint . . . within 21 days after filing the claim."

No one has filed a verified claim in this proceeding, despite the requirements of Supplemental Rule G(5). The direct notice mailed to Mikhail Samy Soliman was dated October 2, 2020, and required that a claim be filed within 35 days of the date of notice (in this case, by November 6, 2020). On July 17, 2020, potential claimants Amany Soliman and Soliman Family Trust, by and through counsel, Peter Bec, entered into a memorandum of agreement relating to the Defendant Property and waived notice and service of the Civil Forfeiture Complaint. Despite their waivers, undersigned counsel for the government provided notice and emailed a copy of the filed complaint to counsel for Amany Soliman and Soliman Family Trust on September 23, 2020.

Because no one filed a claim for the Defendants *in rem*, no one has statutory standing to contest this action. *Currency $267,961.07*, 916 F.2d at 1108 ("claimant's failure to strictly adhere to Supplemental Rule C(6) [precursor to current Rule G(5)] precludes the requisite statutory

standing to contest a government forfeiture action"). Lack of statutory standing warrants the entry of a default and a default judgment. *One 2001 Cadillac Deville Sedan,* 335 F. Supp. 2d at 773.

Default judgment is appropriate where the party against whom relief is sought has failed to plead or otherwise defend against the civil action. Fed. R. Civ. P. 55(a). In this case, no one has asserted any claim of ownership or interest in the Defendants *in rem* and no one has filed a Claim or an Answer to the Complaint for Civil Forfeiture. Thus, a default judgment of forfeiture against the Defendants *in rem* is appropriate under the Federal Rules of Civil Procedure and the Supplemental Rules.

//

//

//

//

//

//

//

//

8

## Conclusion

The United States requests entry of default judgment against Mikhail Samy Soliman and all other persons, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure with respect to any right, title and interest any of them had, have or might have in the Defendants *in rem*, and requests a Final Order of Forfeiture of the Defendants *in rem* to the United States of America for disposition according to law.

Respectfully submitted,

MATTHEW SCHNEIDER
United States Attorney

s/GJON JUNCAJ
GJON JUNCAJ
Assistant United States Attorney
United States Attorney's Office
211 W. Fort Street, Ste. 2001
Detroit, MI 48226
(313) 226-0209
Email: gjon.juncaj@usdoj.gov

Dated: December 18, 2020

## Certification of Service

I hereby certify that on December 4, 2020, the Request to Clerk for Entry of Default and Declaration of Gjon Juncaj was filed, and on December 18, 2020, the Motion for Entry of Default Judgment and Declaration of Majority, Non-Incompetence, and Non-Military Status WERE filed with the Clerk of the Court using the ECF system, which sent notice to all ECF filers.

I further certify that service of the Request to Clerk for Entry of Default, Declaration of Gjon Juncaj, Clerk's Entry of Default (ECF Nos. 14, 15, and 16-24), the Motion for Entry of Default Judgment and accompanying brief, the Declaration of Majority, Non-Incompetence, and Non-Military Status, a proposed Order and this Certificate of Service has been made on December 18, 2020, upon the following non-ECF participants via regular mail by placing the same in an envelope, postage prepaid, and depositing said envelopes in the United States Mail addressed as follows:

Mikhayl Samy Soliman
12173 Chandler Drive
Plymouth, Michigan 48170

Peter E. Bec
Counsel for Amany Soliman,
Individually and on Behalf of
Soliman Family Trust
608 N. Wayne Road
Westland, MI 48185

10

s/GJON JUNCAJ
GJON JUNCAJ
Assistant United States Attorney
United States Attorney's Office
211 W. Fort Street, Ste. 2001
Detroit, MI 48226
(313) 226-0209
Email: gjon.juncaj@usdoj.gov

11